IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RODNEY EDRICE GUNN ASH : 
: CIVIL ACTION
v. :
: NO. 07-4721
DAVID DIGUGLIELMO ET AL. :

**SURRICK, J.** OCTOBER  29 , 2010

## O R D E R

**AND NOW**, this  29th  day of October, 2010, upon careful and independent consideration of the above captioned Petition for Writ of Habeas Corpus, the Report and Recommendation of United States Chief Magistrate Judge Thomas J. Rueter, Petitioner's Amended Objection to Report and Recommendation, and all documents submitted in support thereof and in opposition thereto, it is **ORDERED** as follows:[1]

---

[1] Petitioner Rodney Edrice Gunn Ash files this Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. On March 31, 2008, Chief Magistrate Judge Thomas J. Rueter issued his Report and Recommendation ("Report") recommending that we dismiss the Petition as untimely. We have carefully reviewed the record and the Report and independently conclude that the Petitioner failed to file his Petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). Petitioner's limitations period began to run on January 18, 2003, thirty days after his sentencing. Petitioner did not file a direct appeal, but did file a PCRA petition on August 28, 2003. The limitations period was statutorily tolled during the pendency of his PCRA proceedings pursuant to 28 U.S.C. § 2244(d)(2). The limitations period began to run again on June 19, 2005, thirty days after the Superior Court dismissed the PCRA petition for failure to file a brief. The limitations period expired on November 9, 2005. Petitioner filed this Petition almost two years later, on November 8, 2007. Petitioner articulates no facts to support equitable tolling of his claims. Therefore, we must dismiss the Petition as untimely.

Petitioner makes several objections to the Report. On February 10, 2005, the Superior Court first dismissed his PCRA petition appeal for failure to file a brief. On March 7, 2005, Petitioner submitted a Motion to Reinstate Appeal, which the court granted on March 17, 2005. The court set April 27, 2005 as a strict deadline, before which, Petitioner must file a brief. Petitioner again failed to file his brief and on May 20, 2005, the court dismissed his PCRA petition appeal for a second time. Petitioner argues that the court should not have dismissed his appeal because his Motion to Reinstate Appeal included legal memoranda. However, Petitioner

1. The Report and Recommendation is **APPROVED** and **ADOPTED.**

2. The Amended Objection to Report and Recommendation is **DISMISSED**.

3. No. 07-4721 is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing.

4. There is no probable cause to issue a certificate of appealability.

**IT IS SO ORDERED.**

                **BY THE COURT:**

                **R. BARCLAY SURRICK, J.**

---

provides us with no evidence to substantiate his claim. Moreover, Petitioner does not argue that he submitted a brief following the Superior Court's March 17, 2005, order reinstating his appeal. The court created a window from March 17, 2005, to April 27, 2005, during which, Petitioner was to file his brief, or have his appeal dismissed. Petitioner failed to comply with the Court's directive.

    Petitioner also argues that he submitted a Writ of Mandamus accompanying his Motion to Reinstate Appeal. However, we do not see any evidence of said Writ in the record.

    For these reasons, we adopt the Report and dismiss the Petition as untimely.